**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

EDIN R.P.P.,

Petitioner,

v.

WARDEN OF SHERBURNE COUNTY JAIL SERVICES;

DIRECTOR OF ICE;

ATTORNEY GENERAL,

Respondents.

Civil No. 26-4323 (JRT/DTS)

**ORDER ON PETITION FOR WRIT OF HABEAS CORPUS**

---

Eric J. Riensche and Robert H. Myers, **OFFICE OF THE FEDERAL DEFENDER**, 300 South Fourth Street, Suite 107, Minneapolis, MN 55415, for Petitioner.

David W. Fuller and Derek Ganzhorn, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Federal Respondents.

Petitioner Edin R.P.P. is a citizen of Guatemala who is currently in Immigration and Customs Enforcement ("ICE") custody in Minnesota. In his Amended Petition, Petitioner seeks release from custody because, he argues, his "warrantless vehicular stop was unlawful under the INA and the Fourth Amendment" (Am. Pet. for a Writ of Habeas Corpus ("Am. Pet.") at 5, Nov. 3, 2026, Docket No. 15), his "warrantless arrest was unlawful under the INA and the Fourth Amendment" (*id.* at 6), and the post hoc re-

classification of his arrest from INA § 236 [8 U.S.C. § 1226] to INA § 235 [8 U.S.C. § 1225] is unlawful under the INA (*id.* at 6–7). Because the Court concludes that Petitioner's warrantless arrest was unlawful, it will order Petitioner's immediate release.[1]

## BACKGROUND

Petitioner is a citizen of Guatemala who lives in Minnesota. (Pet. for a Writ of Habeas Corpus ("Pet."), Ex. 1 at 1, Oct. 7, 2026, Docket No. 1; *see also* Decl. of James Vandervaart ("Van Der Vaart Decl.") ¶ 4, Oct. 14, 2026, Docket No. 7.) He entered the United States without inspection at an unknown location on an unknown date. (Van Der Vaart Decl. ¶ 4.) He has three U.S. citizen children. (Pet., Ex. 1 at 1.)

On September 23, 2026, an ICE officer ran the license plate of a silver Jeep in a Home Depot parking lot in Chaska, Minnesota. (Van Der Vaart Decl. ¶ 8, Ex. 1 (I-213) at 2.) Record checks revealed the Jeep was registered to Petitioner and that Petitioner was "an illegal alien from Guatemala." (*Id.*) When the ICE officer requested his identification, Petitioner provided his Minnesota's driver's license. (*Id.*) The driver's license confirmed Petitioner's identity. (*Id.*) ICE records indicate that a "warrantless arrest was performed due to [Petitioner] being a flight risk." (*Id.*) The records further indicate that Petitioner "did not initially stop his vehicle as officers attempted a vehicle stop [and] refused to give [an ICE officer] the key to the Jeep . . . ." (*Id.*) Petitioner also "physically resisted the [ICE

[1] Because the Court concludes that Petitioner is entitled to relief on this ground, the Court will not address Petitioner's other claims for relief.

officer's] attempts to extract him from the vehicle, and [Petitioner] did not have his address registered with immigration officials . . . ." (*Id.* at 2–3.)

After Petitioner was arrested, he was transported to Fort Snelling, Minnesota. (*Id.* at 3.) Later that same day, Petitioner was served with a Notice to Appear and an I-200 administrative warrant. (Van Der Vaart Decl. ¶ 6.)

On October 7, 2026, Petitioner filed a pro se Petition for a Writ of Habeas Corpus alleging that his arrest and continued detention violate the Fifth Amendment of the United States Constitution. (Pet., Ex. 1 at 1) Petitioner also filed a motion to appoint counsel. (Docket No. 3.) On October 12, 2026, the Court ordered Respondents to file an answer by October 14, 2026, and Petitioner to file a reply, if any, by October 21, 2026. (Docket No. 5.) Respondents timely responded. (Docket No. 6.) On October 15, 2025, the Court granted Petitioner's motion to appoint counsel. (Docket No. 9.) Petitioner timely responded[2] on October 28, 2026. (Reply, Oct. 28, 2026, Docket No. 13.) Because Petitioner sought release from custody in his reply memorandum on grounds not raised in the original Petition, the Court offered Petitioner the opportunity to file an Amended Petition and gave Respondents an opportunity to respond. Petitioner filed an Amended Petition (Am. Pet.), and Respondents submitted an additional Response (Nov. 4, 2026, Docket No. 16).

[2] On October 20, 2026, Petitioner's newly appointed counsel moved for additional time to respond (Docket No. 11) which the Court granted (Docket No. 12).

## DISCUSSION

"[A]bsent suspension" by Congress, the Constitution guarantees that the "writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. 1, § 9, cl. 2). District courts can provide habeas relief to persons detained in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3).

Respondents[3] argue that Petitioner's detention is lawful and mandatory under 8 U.S.C. § 1225(b)(2). But Respondents readily admit that ICE officers effectuated a warrantless arrest.

But "it does not follow that Petitioner can be arrested and detained pursuant to § 1225(b)(2) without first complying with 8 U.S.C. § 1357(a), which addresses federal immigration officials' authority to make warrantless arrests." *Francisco M.A. v. Blanche*, Civ. No. 26-2032, 2026 WL 1229701, at *2 (D. Minn. May 5, 2026). Under 8 U.S.C. § 1357(a)(2), an immigration officer may "arrest any [noncitizen] in the United States" without a warrant "if he has reason to believe that the [noncitizen] . . . is in the United States in violation of any such law or regulation **and** is likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357(a)(2) (emphasis added). The Eighth Circuit

[3] "Respondents" here includes only Federal Respondents, as no response was submitted on behalf of the Warden of Sherburne County Jail Services.

has interpreted "reason to believe" to mean "constitutionally required probable cause." *United States v. Quintana*, 623 F.3d 1237, 1239 (8th Cir. 2010).

The records submitted by Respondents indicate that the records check of Petitioner's license plate provided them with the reasonable suspicion that Petitioner was in the United States in violation of the immigration laws. But that same records check of Petitioner's license plate would almost certainly also have provided Respondents with a home address for Petitioner. Furthermore, Petitioner later provided the arresting officers with his Minnesota driver's license which confirmed his identity against the records check. And Minnesota Drivers licenses list a driver's home address.

As the Court has previously explained, "the inquiry into whether a person is likely to evade immigration officers considers not just whether the noncitizen will be located at the scene of encounter with immigration enforcement but also whether immigration enforcement would be able to arrest the noncitizen at another clearly identifiable location." *Ivan F.M. v. Blanche*, Civ. No. 26-4012, 2026 WL 2935475 (D. Minn. Sept. 30, 2026) (citations and internal quotation marks omitted). Respondents clearly articulated why the immigration officers determined Petitioner was not likely to be located at the scene of the encounter by the time they obtained a warrant. Respondents did not, however, clearly articulate why immigration enforcement would not be able to arrest Petitioner at another clearly identifiable location—such as the address associated with his license plate registration and on his driver's license—**after** obtaining a warrant.

Because the record does not establish that ICE officers would be unable to locate Petitioner after obtaining a warrant to arrest him, Respondents failed to comply with the requirements for arresting a noncitizen without a warrant in 8 U.S.C. § 1357. Respondents therefore improperly arrested and detained Petitioner under 8 U.S.C. § 1225(b)(2).

When ICE fails to comply with federal immigration law when arresting and detaining a petitioner, release is the proper remedy. *See, e.g.*, *Ahmed M. v. Bondi*, Civ. No. 25-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *Lauro M. v. Bondi*, Civ. No. 26-134, 2026 WL 115022, at *3 (D. Minn. Jan. 15, 2026); *cf. Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention . . . . The typical remedy for such detention is, of course, release."). The Court will, therefore, order Petitioner's immediate release.

In addition to ordering Petitioner's release, the Court will also impose additional conditions to provide an effective remedy. Habeas corpus "is, at its core, an equitable remedy." *Boumediene v. Bush*, 553 U.S. 723, 780 (2008) (quoting *Jones v. Cunningham*, 371 U.S. 236, 243 (1963)). The adaptable remedy allows a reviewing court, after proper consideration, to "dispose of the matter as law and justice require." *Fay v. Noia*, 372 U.S. 391, 438 (1963) (quoting 28 U.S.C. § 2243). While immediate release is the typical remedy for unlawful detention, *Munaf v. Geren*, 553 U.S. 674, 693 (2008), "[a] habeas court is thus authorized to 'fashion appropriate relief other than immediate release' . . . in order

to ensure an effective remedy for unlawful detention," *Diallo v. Scott*, Civ. No. 26-00975, 2026 WL 1843102, at *8 (W.D. Wash. June 26, 2026) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973)).

Specifically, before re-detaining Petitioner, the Court will order that Respondents must first provide him with adequate notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker, where the Respondents will bear the burden of establishing that detention is appropriate by clear and convincing evidence. The Court finds that a pre-deprivation hearing is necessary relief in light of Respondents' recent practice of immediately re-detaining successful Habeas petitioners that a court—including this one—has ordered released.[4]

---

[4] *See Ivan F.M. v. Blanche*, Civ. No. 26-4012, 2026 WL 3268565, at *1 (D. Minn. Oct. 30, 2026) (detailing respondents re-detaining petitioner within one-minute of this Court's ordered release). *See, e.g.*, *Parada Cruz v. Mullin*, 837 F. Supp. 3d 404 (E.D.N.Y 2026); *Pablo F. v. Blanche*, Civ. No. 26-3889, 2026 WL 2874903 (D. Minn. Sept. 24, 2026); *Tabora-Brizuela v. Mullin*, Civ. No. 26-7010, 2026 WL 2908095 (E.D. Pa. Sept. 28, 2026); *Martiniez Alaniz v. Slaughter*, Civ. No. 26-298, 2026 WL 2874994 (D. Mont. Sept. 24, 2026); *Rodriguez v. Warden, Imperial Reg'l Det. Ctr.*, Civ. No. 26-4775, 2026 WL 2665542 (S.D. Cal. Sept. 9, 2026); *Perez Chacon v. Mattos*, Civ. No. 2:26-01061, 2026 WL 1960905 (D. Nev. July 7, 2026); *Quezada-Estrada v. Lyons*, 2026 WL 1361880; *see also* Cait Kelley, *Judge Weighs Contempt After ICE Re-arrests Man a Second Time: 'Not Release in Any Sense,'* MPR NEWS (Nov. 9, 2026) https://www.mprnews.org/story/2026/11/09/ice-re-arrests-man-second-time-judge-weighs-contempt-charges [https://perma.cc/T62G-NCKY]; Vasanth Vaidyanathan, *ICE Re-Arrest Contempt Fights Reach Judges in Minnesota and Colorado*, IMMIGRATION ANALYTICS (Nov. 9, 2026) https://immigration-analytics.com/2026/11/09/ice-re-arrest-contempt/ [https://perma.cc/96PJ-AZT4]; Elaine Mallon, *Biden-appointed Judge Probes Whether ICE Skirted Judge's Release Orders in Colorado Cases*, FOX NEWS (Nov. 7, 2026) https://www.foxnews.com/politics/biden-appointed-judge-probes-whether-ice-circumvented-judicial-release-orders-colorado-cases [https://perma.cc/EL8A-MMZF]; Chris Seda Chabrier, *ICE Rapidly Re-Arresting Immigrants Released after Winning Court Petitions*, THE GUARDIAN (Nov. 2, 2026) https://www.theguardian.com/us-news/2026/nov/02/immigrants-released-after-court-

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner Edin R.P.P.'s Amended Petition for Writ of Habeas Corpus (Docket No. [15]) is **GRANTED as follows:**

1. Respondents shall **RELEASE** Petitioner from custody as soon as practicable, and **no later than 48 hours from the filing of this Order**.

    a. Respondents shall coordinate with Petitioner's counsel regarding the time and location of release.

    b. Respondents must release Petitioner with all personal effects, such as driver's licenses, passports, or immigration documents, and **without conditions** such as location tracking devices.

2. Respondents **SHALL NOT** re-detain Petitioner without providing him with adequate notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker, at which the government must bear the burden of establishing that detention is appropriate by clear and convincing evidence.

---

petitions-ice-arrest [https://perma.cc/25P4-S3YY]; Regina Medina, *'It Left Me in Shock': St. Cloud Immigrant Speaks about Trauma after ICE Re-arrest*, MPR News (Nov. 1, 2026) https://www.mprnews.org/story/2026/11/01/st-cloud-immigrant-yader-cortez-talks-about-ice-rearrest-trauma [https://perma.cc/BCG2-MWZE]; Cait Kelley & Regina Medina, *'We've been doing this since May': ICE Admits Instant Re-arrest Strategy*, MPR NEWS (Oct. 13, 2026), https://www.mprnews.org/story/2026/10/13/ice-admits-instant-rearrest-strategy [https://perma.cc/G3K2-AYMY].

3. The parties shall provide the court with a status update concerning the status of Petitioner's release by **no later than 4:00 p.m. on November 19, 2026**. Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation by **no later than 5:00 pm on November 23, 2026**.

DATED: November 16, 2026
at Minneapolis, Minnesota.

/s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge